IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FAULKNER PRESS, L.L.C.,
a Florida limited liability company,

       Plaintiff,

vs.                                                CASE NO.: 1:08cv49-SPM/AK

CLASS NOTES, L.L.C.,
a Florida limited liability company,
d/b/a/ "Einstein's Notes," and
THOMAS G. BEAN, an individual,

       Defendants.
_____/

## ORDER ON MOTION TO DISMISS

This cause comes before the Court on Defendants' Amended Motion and Supporting Memorandum of Law to Dismiss the First Amended Complaint (doc. 12). Plaintiff filed a response (doc. 13) and Defendants filed a reply (doc. 15), which the Court accepts as timely filed. Two issues are presented. The first is whether the allegations of the complaint are sufficient to state a claim against Thomas G. Bean individually. The second is whether Plaintiff can maintain copyright violation claims for materials that have not been registered by the copyright office.

## I.      Standard for Complaint

A valid complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d. 678, 684 (11th Cir. 2001). "[D]etailed factual allegations" are not necessary, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . . " Bell Atlantic Corp., et al. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). The well-pleaded factual allegations of the complaint are taken as true, but "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" are not credited. Snow v. DirectTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## II.     Individual Liability for Bean

Both parties cite to Florida law for the requirements to pierce the corporate veil as the standard for establishing individual liability against Defendant Bean. See Gasparini v. Pordomingo, 972 So.2d 1053 (Fla. 3d Dist. Ct. App. 2008). As to Plaintiff's federal copyright claims, however, state law does not control. See Anderson v. Abbott, 321 U.S. 349, 365 (1944) ("[N]o State may endow its corporate creatures with the power to place themselves above the Congress of the United States and defeat the federal policy . . . which Congress has announced."); see also Redwing Carriers, Inc. v. Saraland Apartments, 94 F.3d 1489, 1501-02 (11th Cir. 1996) (discussing when it is appropriate to apply federal

common law to fill a gap in federal statute or adopt the state rule of law).

Under federal copyright law, third party liability is available under theories of contributory infringement and vicarious liability. Contributory infringement occurs when one "with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." Casella v. Morris, 820 F.2d 362, 365 (11th Cir. 1987) (quoting Gershwin Publishing Corp. V. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971). Vicarious liability occurs when one has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities. Gershwin, 443 F.2d at 1162.

In this case, Plaintiff alleges that Defendant Bean is the sole shareholder of Class Notes, L.L.C. Complaint, Doc. 5 at ¶ 65. Plaintiff alleges that Class Notes is under the exclusive control of Bean and that Bean has used Class Notes to evade federal copyright law. Id. ¶ 67. Plaintiff further alleges that Bean monitored and controlled the infringing actions of Class Notes for private financial gain. Id. at ¶¶ 66 and 67. These allegations are sufficient to state a claim for relief against Bean individually under theories of vicarious and contributory copyright infringement. Accordingly, Defendants' motion to dismiss the copyright claims against Bean individually will be denied.

To the extent Plaintiff is also seeking to establish direct liability against Bean under a corporate alter ego theory, Florida law provides the correct

standard.[1]  Florida law also applies to Plaintiff's claims against Bean individually for the statutory claim under Section 540.08, Florida Statutes (unauthorized publication of name or likeness).  Under Florida law, a shareholder is not liable for the acts of a corporation unless:

> (1) the shareholder dominated and controlled the corporation to such an extend that the corporation's independent existence was in fact non-existent and the shareholders were in fact alter egos of the corporation;
>
> (2) the corporate form must have been used fraudulently or for an improper purpose; and
>
> (3) the fraudulent or improper use of the corporate form caused injury to the claimant.

Gasparini, 972 So.2d at 1055.  A corporation maintains its independent existence even when owned by a single shareholder as long as the corporation's separate identity is lawfully maintained.  Id.  To pierce the corporate veil, there must be pleading and proof that "the corporation . . . was employed by the stockholders for fraudulent or misleading purposes, or in some fashion that the corporate property was converted or the corporate assets depleted for the personal benefit

---

[1] Even if the Court were to apply federal alter ego law, the result would be the same. Federal courts allow for individual liability under an alter ego theory when a shareholder exercises complete control over a corporation and uses that control to commit a fraud. Exter Shippling Ltd. V. Kilakos, 310 F.Supp.2d 1301, 1317 (N.D. Ga. 2004).  Factors to consider are (1) the commingling of finances, (2) failure to hold meetings and failure to maintain records, (3) absence of other functioning officers and directors, and (4) whether piercing the corporate veil would be unjust or unfair to an injured party. Id.  These are substantially the same as the factors considered under Florida law.

CASE NO.: 1:08cv49-SPM/AK

of the individual stockholders, or the corporate structure was not bona fidely established or, in general, that property belonging to the corporation can be traced into the hands of the stockholders." Advertects, Inc. v. Sawyer Industries, Inc., 84 So.2d 21, 24 (Fla. 1955).

In this case, there is no allegation that Bean ignored the independent existence of Class Notes by co-mingling personal and corporate funds, or failing to hold meetings, or failing to maintain corporate records.  There is no allegation that the infringing activities were the personal activities of Bean, or that Class Notes was organized for an illegal purpose.  "In the absence of pleading and proof that the corporation was organized for an illegal purpose or that its members fraudulently used the corporation as a means of evading liability with respect to a transaction that was, in truth, personal and not corporate, a creditor cannot question the corporate existence, but must confine his efforts to the remedies provided by law for satisfying his judgment from the assets of the corporation." Al-Babtain v. Banoub, No. 8:06-cv-1973-T-30TGW, 2007 WL 2774210 at *2 (M.D. Fla. Sept. 24, 2007).   In this case, Plaintiff takes issue with certain practices of Class Notes, but there is no basis to disregard the corporate form to impute liability for Class Notes' actions to Bean individually.  Accordingly, Defendants' motion to dismiss will be granted as to the claims against Bean individually for violation of Section 540.08, Florida Statutes, and claims against Bean for direct copyright infringement under an alter-ego theory.

### III.     Unregistered Materials

"[N]o action for infringement of the copyright of any work shall be instituted until the registration of the copyright claim has been made . . . ." 17 U.S.C. § 411(a). Registration is a prerequisite to suit. Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc., 29 F.3d 1529, 1532 (11th Cir. 1994). Plaintiff concedes that it does not have a registration for the works at issue in Counts 14, 18, 22, and 26 of its complaint. Doc. 13 at p. 14. Plaintiff argues, however, that even without a registration it may seek injunctive relief because the infringing activity in this case is regular and ongoing.

A court may issue a permanent injunction covering unregistered works under 17 U.S.C. § 502(a) when the infringement involves "a continuing series of original works created with regular predictability and a substantial likelihood of future infringements." Stuart Weitzman, L.L.C. v. Microcomputer Resources, Inc., 542 F.3d 859, 865 n.6 (11th Cir. 2008) (citing Pacific and Southern Co. v. Duncan, 744 F.2d 1490, 1499 & n.17 (11th Cir. 1984)). The allegations in the complaint are sufficient to plead a basis for such broad injunctive relief.

Nevertheless, Plaintiff has structured the complaint to allege separate counts for infringement of the unregistered works; and has mislabeled these counts as infringement of registered copyrights. A copyright infringement action can only be maintained for registered works, even though the scope of injunctive relief may be broader. Pacific and Southern Co., Inc., 744 F.2d 1490, 1499 n.17.

Page 7 of 8

In other words, the injunctive relief that Plaintiff is seeking for the unregistered works can only be granted in conjunction with an actual copyright infringement, and not as a stand-alone claim for infringement of an unregistered copyright. <u>Id.</u> Accordingly, Plaintiff's stand-alone claims on the unregistered copyrights will be dismissed. The dismissal is without prejudice to Plaintiff's opportunity to amend the complaint to clarify that it is seeking permanent injunctive relief, to cover future infringements, as a part of the relief sought on the various counts for copyright infringement of registered work. Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. Defendant's motion for extension of time to file reply (doc. 14) is granted. The reply (doc. 15) is accepted as timely filed.

2. Defendant's motion to dismiss (doc. 12) is granted as to the claims against Bean individually under an alter ego theory and granted as to the claims for copyright infringement of unregistered works. In all other regards, the motion to dismiss is denied.

3. On or before April 20, 2009, Plaintiff shall file an amended complaint that clarifies the remaining claims and the injunctive relief being sought.

DONE AND ORDERED this 31st day of March, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 1:08cv49-SPM/AK

CASE NO.: 1:08cv49-SPM/AK