# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**FAULKNER PRESS, LLC,**

    **Plaintiff,**

vs.                                                        CASE NO. 1:08CV49-SPM/AK

**CLASS NOTES, LLC, et al,**

    **Defendants.**

_____/

## O R D E R

Presently before the Court in the above entitled action are the following motions: Plaintiff's Motion to Compel (doc. 89); Defendant Class Notes Response and Motion for Protective Order (doc. 110); Plaintiff's Motion to Compel; Plaintiff's Motion to Compel (doc. 105); and Plaintiff's Motion to Deem Admitted (doc. 109). Having considered said motions, and the responses filed thereto, the Court is of the following opinion.

<u>Plaintiff's Motion to Compel (docs. 89 and 110)</u>

<u>Interrogatory No. 4</u> asks for any document containing any information regarding any financial transaction by Defendant Class Notes from December 2006 though January 2009.

Defendant argues that Plaintiff seeks only statutory damages in its second amended complaint[1] and has represented throughout these proceedings that it is only

---

[1] Indeed, even the proposed third amended complaint attached to a motion for leave to file it (doc. 97), which has not been ruled upon by the Court yet, seeks statutory

seeking statutory damages; therefore, they argue that their financial information is not relevant. Defendants quote Plaintiff stating that "it has been exceedingly careful not to raise such claims because Plaintiff did not wish to open Plaintiffs financial information to discovery." (See Doc. 79).

Plaintiff argues for compelling this information that it may yet elect to pursue "infringer's profits" under 17 U.S.C. §504 (c), which provides that the election of damages may be made "at any time before final judgment is rendered." 17 U.S.C. §504(c). See Jordan v. Time, Inc., 111 F.3d 102 (11th Cir. 1997) (a timely election could be after a jury award of actual damages for purposes of obtaining a more favorable award). In Jordan, the court held that once a Plaintiff has elected statutory damages, all issues concerning actual damages (in this case, on appeal) became moot. However, this case did not concern the discovery of actual damage information when only statutory damages are sought and cases examining that precise issue have found that the court may, in its discretion, compel such evidence, e.g. defendants' profits and plaintiff's losses, because these are factors in assessing statutory damages. See Apple, In. v. Psystar Corp., 2009 WL 3112080 (N.D. Cal). The court in Apple found that the following factors were important in assessing statutory damages:

(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (50 whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the

---

damages, not actual damages.

**No. 1:08cv49-SPM/AK**

infringing material produced; and (7) the potential for discouraging the defendant. However, the court held that proof of plaintiff's *profits* were not relevant.  See also Kleiner v. Burns, 2000 WL 1909470 (D. Kan.) (same factors compelled production of Plaintiff's financial information showing losses, despite her claim for statutory damages only).

Thus, the Court finds that Defendants should be compelled to produce the financial information sought on grounds that it is relevant to an assessment of statutory damages.  The Court is also mindful that because Plaintiff may elect to purse actual damages even after a jury award, the better course would be to allow for discovery of this information now than to have no evidence of it at trial.  Also supporting this ruling are the Notes of Committee on the Judiciary following 17 U.S.C. §504(c), which provides that the purpose of allowing an election of remedies at any time prior to final judgment is to "give the courts specific unambiguous directions concerning monetary awards," and "to provide the courts with reasonable latitude to adjust recovery to the circumstances of the case."  Having the issue of actual damages fully developed at trial will give the trial judge such latitude.

Interrogatory No. 3 asks for identification of every person who worked for Class Notes from December 2006 through January 2009.

Defendant objects to identifying these persons, specifically student note takers because it entered into confidentiality agreements with them that protected their identities and cites law to the effect that a court should not compel a party to breach a contract with a third party in order to engage in discovery.

**No. 1:08cv49-SPM/AK**

Plaintiffs argue that they have not seen the confidentiality agreement referred to by the Defendants, which was attached to Defendants' response (doc. 110), and that the information of these persons is highly relevant to this cause.  The Court agrees as to the likely relevance of their information.  As the magistrate judge determined in the case cited by Defendants, the balancing of harm versus need in this instance weighs in favor of Defendants identifying these persons and any harm to them from their identification could be lessened by entry of an appropriately crafted protective order.  See Snowden by and through Victor v. Connaught Laboratories, Inc., 136 F.R.D. 694 (D. Kan. 1991).  If Defendants sole concern is retaliation by Professor Moulton, perhaps a protective order that identifies them by initials only or restricts him from having their names, but allows his attorneys to query them, or identification of those note takers who are no longer students.  These are suggestions only, the Court will leave the particulars to the parties to fashion since they should know the best way to obtain this information and still protect the interests of the students. The Court has reviewed the Confidentiality Order already docketed (doc.112) and another order should be negotiated and filed that is more narrowly crafted to cover just this discovery matter.

Request for Production of Documents No. 2 concerns "missing" computer files, which Defendants now represent have been located and produced.  Plaintiff has not filed anything with the court indicating otherwise, and based on these representations, the Court finds that this issue is now moot.

**No. 1:08cv49-SPM/AK**

<u>Interrogatory No. 6</u> asks for a description of how the eight publications which Plaintiff claims infringe his copyrights were planned, created, composed, compiled, edited, printed and distributed, and all the persons involved in the various processes.

The Court has read the response to the lengthy interrogatory and agrees with Plaintiff that the response is incomplete. Specifically, Defendant should break down by stages in the process each person who does each task and the other information requested, as it has been requested.

<u>Interrogatory No. 7</u> asks for identification of every publication created or distributed by Class Notes "that related in any manner to a class taught by Professor Michael Mouton, including all editions, supplements, addenda or extras."

Plaintiff contends that only Professor Moulton's classes were identified by Defendants and information about other publications during the relevant time period will show that it was common business practice to "steal" the intellectual property of others.

The Court agrees with Defendants that the interrogatory itself is expressly limited to Moulton's class. The motion to compel is denied as to this issue.

<u>Plaintiff's Motions (docs. 105 and 109) and the Order to Stay Discovery (doc. 94)</u>

Plaintiff seeks an order compelling Defendant Thomas Bean to respond to discovery served upon him on August 28, 2009, to which he has neither responded nor filed objections. Plaintiff contends that the discovery responses were due on September 28, 2009, and that the Court's order granting a stay of discovery did not operate to stay these responses and that all objections to the requests should be deemed waived.

**No. 1:08cv49-SPM/AK**

Plaintiff also seeks to have deemed admitted Requests for Admissions served upon Class Notes on August 12, 2009. Again, Plaintiff contends that the responses were due on September 14, 2009, and that the Court's order of September 15, 2009, did not operate to stay all of Defendants' discovery obligations pending at that time. (See Doc. 94)

Plaintiff misinterprets the Court's Order. Counsel for the Defendant had moved to withdraw on August 7, 2009, (doc. 82), as amended (doc. 83), which was granted on September 10, 2009, (doc. 91), at which time the Court granted Defendants through October 12, 2009, to bring in new counsel. It was the intent of the Court to allow new counsel to get "up to speed" on the case (at least 14 days after entry of appearance) before expecting them to respond to all pending matters and any pending discovery obligations. The Court did not specifically identify the "outstanding discovery obligations," since discovery is not filed and the Court was unaware of all the outstanding discovery requests, but to interpret the stay imposed by the Court to apply to some pending discovery matters and not to all of them, would be patently unfair.

Therefore, **all** responses due by Defendants to **any** motions or discovery requests were extended through October 26, 2009, pursuant to the Order of September 15, 2009. (Doc. 94). Consequently, both motions based on the misinterpretation of this Order (docs. 105 and 109) are **DENIED.**

Accordingly, it is

**ORDERED:**

**No. 1:08cv49-SPM/AK**

1. Plaintiff's Motion to Compel (doc. 89) is **GRANTED** as to Interrogatory Nos. 3, 4, and 6, and **DENIED** in all other respects. Defendants shall provide information responsive to the requests enumerated above on or before December 28, 2009.

2. Defendants' Motion for Protective Order (doc. 110) is **GRANTED IN PART AND DENIED IN PART.** (see ¶ 1).

3. Plaintiff's Motions (docs. 105 and 109) are **DENIED**.

**DONE AND ORDERED** this  **9**[th] day of December, 2009.


                                    *s/ A. KORNBLUM*
                                    **ALLAN KORNBLUM**
                                    **UNITED STATES MAGISTRATE JUDGE**