IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**FAULKNER PRESS, LLC.,**

    **Plaintiff,**

vs.                                                 **CASE NO. 1:08CV49-SPM/AK**

**CLASS NOTES, LLC,**

    **Defendants.**

_____/

## O R D E R

Presently before the Court is Plaintiff's Second Motion for An Order to Show Cause as to why Defendant Class Notes, LLC., should not be held in contempt. (Doc. 136). Defendant has responded. (Doc. 138). Having considered said motion, the Court is of the opinion that it should be **GRANTED IN PART AND DENIED IN PART**.

Plaintiff seeks to hold the Defendant in contempt for not complying with previous court orders (docs. 122 and 131), specifically regarding Interrogatory No. 4, which asked for the identification of every financial document regarding any financial transaction from December 2006 through January 2009. The Court ordered Defendant to fully respond to Interrogatory No. 4 (and other items) on or before December 28, 2009, (doc. 122), and based on Defendant's representation that it would make all its financial documents available for review at its place of business on January 13, 2010, the Court denied Plaintiff's first motion to show cause with the instruction that the parties should resolve this discovery dispute without further court intervention. (Doc. 131).

Now, Plaintiff has moved to hold Defendant in contempt on the grounds that Defendant has still not produced documents responsive to Request No. 4 of its First Request for Production of Documents, which called for production of documents responsive to Interrogatory No. 4. As the Court explained in its Order dated January 13, 2010, no order has issued from this court compelling a response to Request for Production of Documents No. 4, but having found that the financial information was relevant, the Court instructed Defendant not to stall the production of the documents they identified in response to the interrogatory.

Thus, Defendant represents that they opened **all** of their business records to Plaintiff to copy on January 13, 2010, and according to Plaintiff there was a disagreement over how this production would be made, whether by electronic copies or paper copies, the result being that Plaintiff contends that it still does not have all the documents. (Doc. 136, p. 8).

It has been very difficult to wade through the arguments regarding this discovery to determine what relief to provide and to whom. Short of attending the document production at Defendant's business or reviewing the documents heretofore produced, the Court must rely on the representations of counsel about what has and what has not been produced in this case and after three motions on the issue it is still not clear.

Thus, insofar as Plaintiff requests a more drastic sanction such as the finding of contempt, grounds for this have not been shown. Insofar as Plaintiff's motion can be construed as a motion to compel the production of documents responsive to Request

**No. 1:08cv49-SPM/AK**

No. 4, which asks for the production of all documents identified by the Defendant in their response to Interrogatory No. 4, it shall be **GRANTED**.

Accordingly, it is

**ORDERED:**

Plaintiff's motion (doc. 136) is **GRANTED IN PART AND DENIED IN PART**. Insofar as the motion can be construed as a motion to compel the production of documents responsive to Request No. 4, it is **GRANTED**, and Defendant shall on or before February 26, 2010, either (a) produce the documents either electronically or in paper form (whichever Defendants choose); or (b) identify by Bates number the documents from their previous production that are responsive to the requests. The motion is **DENIED** in all other respects.

**DONE AND ORDERED** this 22nd day of February, 2010.

_s/ Stephan P. Mickle_
Stephan P. Mickle
Chief United States District Judge

**No. 1:08cv49-SPM/AK**