UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FAULKNER PRESS, L.L.C.,
a Florida limited liability company,

     Plaintiff,

vs.                           CASE NO.: 1:08cv49-SPM/AK

CLASS NOTES, L.L.C.,
a Florida limited liability company,
d/b/a "Einstein's Notes," and
THOMAS G. BEAN, an individual,

     Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STRIKE, DEFENDANT'S COUNTER-CLAIM AND THIRD-PARTY COMPLAINT

This cause comes before the Court pursuant to Counter-Defendant Faulkner Press, L.L.C.'s ("Faulkner Press") and Third-Party Defendant Michael Moulton's ("Moulton") Motion to Dismiss (doc. 137), or in the alternative to Strike, Counter-Plaintiffs Class Notes, L.L.C.'s and Thomas G. Bean's ("Class Notes") Counterclaim and Third-Party Complaint ("Counterclaim") (doc. 134). Faulkner Press and Moulton argue that Count I of the Counterclaim is duplicative and that

Count II fails to state a claim upon which relief may be granted. For the reasons set forth below, the Court grants in part and denies in part Faulkner Press's and Moulton's motion.

**Background**

Michael Moulton teaches classes at the University of Florida and has authored or co-authored two e-textbooks entitled "Wildlife Issues in the New Millennium" and "Global Perspectives in Biodiversity Conservation." Moulton requires each of his students to purchase one or more of these textbooks. Faulkner Press operates as a publishing company and publishes Moulton's textbooks.

Moulton and Faulkner Press have applied for and obtained copyright registrations for Moulton's course materials and seek to enforce these copyrights against Class Notes. Class Notes describes Moulton's courses as consisting primarily of oral lectures and movies, with test questions derived from facts disclosed in the movies. Class Notes alleges that the oral lectures Moulton provides to students do not contain any material subject to copyright protection because the lectures consist primarily of factual information. Class Notes further alleges that Moulton's written materials similarly evade copyright protection because Moulton has not arranged the factual information that comprises the writings in an original form or style.

Pursuant to these facts, Class Notes asserts in the Counterclaim two counts of declaratory relief to: (i) declare Faulkner Press's and Moulton's copyrights invalid; and (ii) declare violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").

Faulkner Press and Moulton move to dismiss Count I of the Counterclaim on the ground that the validity of the copyrights is an issue already raised by the Third Amended Complaint (doc. 108). Thus, Faulkner Press and Moulton view Count I as duplicative. Faulkner Press and Moulton move to dismiss Count II on the ground that Class Notes has failed to state a claim upon which relief may be granted because Class Notes lacks standing to seek relief pursuant to FDUTPA.

## Motion to Dismiss Standard

When considering a motion to dismiss, the Court must view the complaint in the light most favorable to the non-moving party. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Moreover, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). While a complaint attacked by a Rule 12(b)(6) motion need not include detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). As a general proposition, the rules of pleading do "not require heightened fact

pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570. Judicial inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (quoting Twombly, 550 U.S. at 555). However, factual allegations must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555-56.

### Count I

Pursuant to the Declaratory Judgment Act, "in case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and legal relations of any party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (2006). Federal courts possess discretion in deciding whether to declare the rights of litigants, but a court must have a well-founded reason for declining to hear a declaratory judgment action. Shaunnessey v. Monteris Med., Inc., 554 F. Supp. 2d 1321, 1329 (M.D. Fla. 2008); Capo, Inc. v. Dioptics Med. Prods., Inc., 387 F.3d 1352, 1355 (Fed. Cir. 2004) ("There must be well-founded reasons for declining to entertain a declaratory judgment action.").

Faulkner Press and Moulton argue that this Court should decline to exercise its jurisdiction over Class Notes' declaratory relief claim because Faulkner Press and Moulton raised the issue of copyright validity in the Third Amended Complaint. However, the Supreme Court has noted that "a party seeking a declaratory judgment of invalidity presents a claim independent of the . . . charge of infringement." Cardinal Chem. Co., 508 U.S. 83, 96 (1993). See

also <u>Altvater v. Freeman</u>, 319 U.S. 359, 363 (1943) ("[T]he issue of validity may be raised by a counterclaim in an infringement suit."); <u>Fort James Corp. v. Solo Cup Co.</u>, 412 F.3d 1340, 1348 (Fed. Cir. 2005) (noting that a verdict of non-infringement does not moot a counterclaim for unenforceability). Accordingly, Faulkner Press's and Moulton's motion as to Count I of the Counterclaim is denied.

### Count II

Class Notes alleges that Faulkner Press and Moulton "have engaged in the unconscionable and unfair practice" of requiring students to purchase textbooks at exorbitant prices and that this practice violates Florida's statutory prohibition against deceptive and unfair trade practices. <u>See</u> Fla. Stat. §§ 501.201- 501.213 (2009). Faulkner Press and Moulton move to dismiss this portion of the Counterclaim on the ground that Class Notes lacks standing to seek injunctive or declaratory relief. Florida Statutes § 501.211(1) provides that "anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part." Fla. Stat. § 501.211(1) (2009).

Faulkner Press and Moulton argue that to qualify for relief pursuant to § 501.211, Class Notes must allege that it is a "consumer" of Faulkner Press or Moulton. However, courts have generally applied this "consumer" standard in the context of Florida Statutes § 501.211(2), the provision that provides for damages for violations of FDUTPA, and not in the context of the provision referenced by

Class Notes that provides for declaratory and injunctive relief. See, e.g. Kertesz v. Net Transactions, Ltd., 635 F. Supp. 2d 1339, 1350 (S.D. Fla. 2009) (holding that plaintiffs must satisfy consumer standard to bring claims for damages, but recognizing that the standard for declaratory and injunctive relief may be less restrictive); Cannova v. Breckenridge Pharm., Inc., No. 08-81145-CIV, 2009 WL 64337, at *3 (S.D. Fla. Jan. 9, 2009) (dismissing a FDUTPA claim for damages where the plaintiff had not acted as a consumer).

Some courts do not require plaintiffs to satisfy the consumer standard even in the context of claims for damages. See Gritzke v. M.R.A. Holding, L.L.C., No. 4:01CV495-RH, 2002 WL 32107540 (N.D. Fla. Mar. 15, 2002) (holding that non-consumer plaintiffs can seek damages pursuant to FDUTPA); Hinson Elec. Contracting Co. v. Bellsouth Telecomms., Inc., No. 3:07-cv-598-J-32MCR, 2008 WL 360803, at *3 (M.D. Fla. Feb. 8, 2008) (holding that FDUTPA's 2001 amendments, which replaced the word "consumer" with the word "person" in Florida Statutes § 501.211(2), indicated legislative intent to allow non-consumers to seek damages); Furmanite Am., Inc. v. T.D. Williamson, Inc., 506 F. Supp. 2d 1134, 1146 (M.D. Fla. 2007) ("This [2001] amendment demonstrates a clear legislative intent to allow a broader base of complainants who have been injured by violations of FDUTPA to seek damages, not just injunctive relief."). Thus, the statute does not require Class Notes to allege that it acted as a consumer to seek injunctive and declaratory relief pursuant to FDUTPA.

Faulkner Press and Moulton also argue that Class Notes lacks FDUTPA standing because Class Notes has not suffered a loss by the alleged unfair and

deceptive acts committed by Faulkner Press and Moulton. Florida Statutes § 501.211(1) by its own terms requires that claimants suffer a grievance in order to bring an action for declaratory or injunctive relief. Fla. Stat. § 501.211(1) (2006) ("*[A]nyone aggrieved* by a violation of this part may bring an action to obtain a declaratory judgment . . . .") (emphasis added). Moreover, courts have enforced this statutory requirement. See Natural Answers, Inc. v. SmithKline Beecham Corp., 529 F.3d 1325, 1333 (11th Cir. 2008) ("To bring a claim under [FDUTPA], plaintiff must have been aggrieved by the alleged unfair and deceptive act."). Because Class Notes has not alleged a loss resulting from the sale of Faulkner Press's and Moulton's course materials, Class Notes lacks standing to bring a claim pursuant to FDUTPA.

Based on the foregoing, it is ORDERED AND ADJUDGED that

1. Faulkner Press's and Moulton's Motion to Dismiss, or alternatively to Strike (doc. 137), is DENIED as to Count I.

2. Faulkner Press's and Moulton's Motion to Dismiss, or alternatively to Strike, is GRANTED as to Count II.

DONE AND ORDERED this 17th day of March, 2010.

*s/ Stephan P. Mickle*

Stephan P. Mickle
Chief United States District Judge