IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FAULKNER PRESS, L.L.C.,
a Florida limited liability company,

        Plaintiff,

v.                                  CASE NO.: 1:08cv49-SPM/GRJ

CLASS NOTES, L.L.C.,
a Florida limited liability company,
d/b/a/ "Einstein's Notes," and
THOMAS G. BEAN, an individual,

        Defendants.

_____/

## ORDER ON CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT

This case is primarily a copyright dispute involving materials for two

wildlife issues courses taught by Dr. Michael Moulton at the University of Florida.

The parties filed cross motions for partial summary judgment, which they have

fully briefed and argued.  Docs. 160 and 162.  For the following reasons,

Defendants' motion will be granted as to Counts Five, Six, and Seven, and part

of Count Three.  Plaintiff's motion will be denied.

**I.    BACKGROUND**

Defendant Class Notes, L.L.C., is a business owned by Defendant

Thomas G. Bean.  Class Notes, formerly known as Einstein's Notes, sells note packages to University of Florida students.  Class Notes hires student note takers as independent contractors to provide lecture summaries and study materials, which Class Notes edits and publishes for sale.

Dr. Michael Moulton co-authored two electronic textbooks entitled "Wildlife Issues in the New Millennium" and "Global Perspectives in Biodiversity Conservation."[1]  Plaintiff Faulkner Press operates as a publishing company and publishes Dr. Moulton's textbooks.  Dr. Moulton and Faulkner Press have applied for and obtained copyright registrations for Dr. Moulton's textbooks as well as his lecture notes.  Dr. Moulton has assigned his interests to Faulkner Press, which seeks to enforce these copyrights against Class Notes and to hold Thomas G. Bean personally liable under theories of contributory infringement and vicarious liability.

A.    **Complaint**

The complaint contains eight counts.  The first three allege copyright infringement by Class Notes based on inclusion of copyrighted material in its note packages.  The copyrights at issue are (1) Dr. Moulton's 2007 lecture notes,

---

[1]  Dr. Moulton requires students in his wild life issues courses to purchase one or more of these textbooks at a cost of approximately $70 to $90 each.  The alleged copyright infringement in this case has not resulted in any lost profits because the students are required to purchase the textbooks.

including lecture outlines, exams, and film study questions[2]; (2) the sound

recordings of Dr. Moulton's 2008 lectures[3]; (3) an electronic textbook entitled,

"Wildlife Issues in the New Millennium[4];" and (4) an electronic textbook entitled,

"Global Perspectives in Biodiversity[5]."

   In Count One of the complaint, Faulkner Press alleges copyright

infringement based on Class Notes' inclusion of various practice questions[6] from

the electronic textbooks in its note packages.  Count Two alleges copyright

infringement based specifically on the film study questions[7], which are part of the

lecture notes.  Count Three is based on all other materials from the lecture notes

---

[2] Copyright Registration – TXu 1-344-546 (covering materials through the first exam, Spring 2007) and Copyright Registration – TXu 1-360-217 (covering materials through the second exam, Spring 2007).

[3] Copyright Registration – TXu 1-360-217.

[4] Copyright Registration – SR 621-372.

[5] Copyright Registration – TX 6-841-738.

[6] The "practice questions" are multiple-choice questions that contain a statement with up to four responses for a user to select.  Although some of the practice questions are based on films contained in the textbooks, they are different from the "film study" questions in that the practice questions come from the textbooks (not the lecture notes) and are in multiple choice form.

[7] The "film study questions" are fill in the blank statements that are included in the copyright for the lecture notes.  Students obtained the film study questions either as handouts in class or by downloading them from a website associated with the University of Florida.  The film study questions track information provided in films shown in class .  Students are supposed to fill in the blanks as they watch the films to show that they are paying attention.

and sound recordings, including the lecture outline that Dr. Moulton shows in class using an overhead projector when lecturing to students.

Faulkner Press voluntarily withdrew Count Four.  In Counts Five and Six, Faulkner Press brings claims for violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202.  Specifically, Faulkner Press alleges in Count Five that Class Notes intentionally altered or removed copyright management information when it copied materials in its note packages without including copyright management information contained in the textbooks and on the film study questions.  Faulkner Press alleges in Count Six that Class Notes intentionally published false copyright management information by printing "Einstein's Notes ©" on its note packages.

Faulkner Press alleges in Count Seven that Class Notes used Dr. Moulton's name for commercial and advertising purposes in violation of section 540.08, Florida Statutes, by including the words "Professor Moulton" on the cover of its note packages.[8]

### B.    Cross Motions for Partial Summary Judgment

Although Faulkner Press has withdrawn Count Four, it is seeking summary judgment on all of its remaining claims.  Class Notes has moved for

---

[8]  Dr. Moulton has licensed to Faulkner Press the right to use his name for commercial purposes and has assigned to Faulkner Press the right to pursue this claim.

partial summary judgment on all remaining claims except the portions of Count Three that pertain to its note takers' summaries of lecture notes.[9]  Together the motions present a plethora of issues, but Class Notes has identified a few threshold matters that provide a good framework for understanding this case.

Specifically, Class Notes argues that the practice questions and film study questions that form the basis of Counts One and Two are unprotectable fact statements.  Class Notes also argues with regard to Count One that its note packages are not substantially similar to the textbooks because the answers to the questions are provided in the note packages and the textbooks contain a vast amount of additional materials that are not in the note packages.

As to Count Three, Class Notes argues that the claim partially fails to the extent it is based on the sound recording of the lectures (as opposed to the lecture notes).  It is undisputed that Class Notes did not have access to the sound recording and it never reproduced, sold, or distributed any form of the lectures as a sound recording.

## II.  DISCUSSION

### A.  Originality of Film Study Questions and Practice Questions

A valid copyright requires a minimal degree of creativity to show that the work is something original by the author.  <u>Feist Publications, Inc. v. Rural Tel.</u>

---

[9]  Class Notes identifies this claim as part of Count Two (see doc. 160 at p.20), but it appears to be part of Count Three.

CASE NO.: 1:08cv49-SPM/GRJ

<u>Serv. Co, Inc.</u>, 499 U.S. 340, 345-6 (1991).  Thus bare facts are not

copyrightable "because facts do not owe their origin to an act of authorship."  <u>Id.</u>

at 347.  A compilation of facts, however, may entail the requisite creativity if it

features original selection or arrangement.  <u>Id.</u> at 348.  Original selection or

arrangement means that the author did not copy the selection or arrangement

from another work and the selection or arrangement was not mechanical or

routine.  <u>Id.</u> at 358.  A minimal level of creativity must be involved.  <u>Id.</u>  The

standard is not high and "does not require that facts be presented in an

innovative or surprising way."  <u>Id.</u> at 362.

In this case, the film study questions complied by Dr. Moulton possess the

minimum level of creativity required for copyright protection.[10]  Although the fact

statements are taken from the various films Dr. Moulton showed in class and his

questions track the sequence of the films, Dr. Moulton picked only a few facts

from each film to include in his film study questions.  There may be nothing

innovating or surprising about his selection.  His selection was possibly random

and made solely to ensure that his students were paying attention to the films.

---

[10]  Faulkner Press argues that the film study questions and practice
questions are original works by themselves based on <u>Association of American
Medical Colleges v. Mikaelian</u>, 571 F.Supp. 144, 150 (E.D.Pa. 1983), which held
that MCAT questions were not merely scientific facts but original works entitled to
copyright protection.  Those questions, however, are part of a high-stakes test
and were developed under rigorous psychometric standards to ensure that each
question is valid and reliable.  <u>See</u> <u>id.</u> at 146-47.  Dr. Moulton's questions present
bare facts and the originality is present only in the selection.

Even so, the selection was original because it was not a mechanical or routine arrangement.  Dr. Moulton's selection was unique to himself and unlikely to be duplicated by someone else tasked with compiling film study questions.  Some creativity was involved.  His selection therefore qualifies for copyright protection.

With regard to the practice questions, again Dr. Moulton selected facts from other materials in his electronic textbooks to create the practice questions. The selection was not mechanical or routine.  Some originality was involved in selecting the facts and thus the practice questions qualify for copyright protection.

### B.    Copying of Practice Questions

To prove a case of copyright infringement, Faulkner Press must show not only that it had copyright protection, but also that Class Notes copied "'so extensive[ly] that it rendered the offending and copyrighted works substantially similar.'" Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1542 (11th Cir. 1996) (quoting Lotus Dev. Corp. v. Borland Int'l, Inc., 49 F.3d 807, 813 (1st Cir. 1995). "Two works are substantially similar if 'an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.'" Palmer v. Braun, 287 F.3d 1325, 1330 (11th Cir. 2002) (quoting Leigh v. Warner Bros., 212 F.3d 1210, 1214 (11th Cir. 2000).

In this case, the practice questions in Dr. Moulton's texts were copied in Class Notes' note packages almost word for word.  The practice questions,

however, make up less than one percent of Dr. Moulton's texts.  In other words,
only a small percentage of the texts were copied, but the copying was almost
exact.  In such cases where there is a literal similarity of just a fraction of the
works, it is important to consider context.  <u>Palmer</u>, 287 F.3d at 1334.

Although the practice questions are only a small part of the textbooks,
they are contextually significant.  Dr. Moulton's practice questions were used to
summarize the other materials in the textbook and to test the students'
knowledge of them.  It appears that Class Notes copied the practice questions for
the same purpose, and then went on to provide the answers to enable the
purchasers of its note packages to master the materials covered in Dr, Moulton's
classes.  There is at least a genuine issue of whether the copying was
substantial given the purpose of the practice questions in relation to the other
materials in the textbooks.  <u>See id.</u> at 1334 (copying fifteen sentences from 53-
page work not de minimis and could support action for copyright infringement
where sentences were used to test students' mastery of other materials); <u>see
also</u> <u>Higgins v. Baker</u>, 309 F.Supp. 635, 637 (D.C.N.Y. 1970) ("Similar material,
however small in quantity, may still be deemed substantial if qualitatively
important . . . and the determination of the copied material's qualitative
importance is an issue of fact that can best be determined at trial.").

### C.    Sound Recordings

Faulkner Press alleges in Count Three that Class Notes infringed upon its

copyrights to Dr. Mouton's lecture notes as well as the sound recordings of the lectures.  This claim fails to the extent it relies on the sound recordings.

It is undisputed that Class Notes did not have access to the sound recordings and it never reproduced, sold, or distributed any form of the lectures as a sound recording.  Faulkner Press provided no argument with regard to this issue.  Under the Copyright Act, sound recording copyright holders possess exclusive rights related to duplication of the actual sounds, distribution of copies, and transfer of ownership interests.  17 U.S.C. § 114(b).  Since Class Notes has not done any of those things, it is entitled to partial summary judgment on Count Three.   The remaining portion of Count Three, based on the lecture notes, presents genuine issues of material fact for a jury to determine.

### D.    Fair Use Issues Preclude Judgment for Faulkner Press

Even though the film study questions and practice questions are protected by copyright, genuine issues of fact remain as to whether inclusion of the questions, as well as the lecture summaries, within Class Notes' note packages constitutes fair use.  The nature of the copyrighted work is a consideration in determining fair use.  Peter Letterese and Assocs Inc. v. World Inst. of Scientology Enters, Int'l., 533 F.3d 1287, 1312 (11th Cir. 2008).  Works that are original, fictional, and unpublished enjoy more protection than works that are derivative, factual, and published.  Id.  Dr. Moulton's works as a whole are derivative, factual, and published.  Furthermore, his film study questions and

practice questions are factual compilations.  Copyright protection extends only to the selection and arrangement, not to the underlying facts themselves, and "[t]his inevitably means that the copyright in a factual compilation is thin."  <u>Feist</u>. 499 U.S. at 349.  So in determining fair use, this factor will weigh against Faulkner Press.

Other factors in determining fair use include the purpose and character of the use, the amount and substantiality of the portion used, and the effect of the use on the market or value of the copyrighted work.   17 U.S.C. § 107.  The parties have presented various arguments for and against a finding of fair use. Genuine issues of material fact remain for a jury to determine regarding fair use.

### E.    Digital Millennium Copyright Act

In Counts Five and Six, Faulkner Press brings claims for violation of the DMCA–Digital Millennium Copyright Act, 17 U.S.C. § 1202.  In Count Five, Faulkner Press alleges that Class Notes removed copyright management information when it copied materials from the textbooks and film study questions into its note packages.  According to Faulkner Press, the copyright management information was printed on the boxes containing the electronic textbooks and within the textbooks' software.  Faulkner Press also contends that copyright management information was placed on the film study questions by virtue of a watermark that appears on the questions when viewed at a website maintained for Dr. Moulton's course.  In Count Six, Faulkner Press alleges that Class Notes

intentionally published false copyright management information by printing

"Einstein's Notes ©" on its note packages.

Although Class Notes argues otherwise, the plain language of the DMCA

does not limit the definition of copyright management information to notices that

are placed on works through technological processes. See Interplan Architect,

Inc. v. C.L. Thomas, Inc., Civil Action No. 4:08-cv-03181, 2009 WL 6443117,

at *4 (S.D. Tex. Nov. 13, 2009).   To the extent Class Notes seeks summary

judgment on this ground, the motion will be denied.

Class Notes makes other arguments, however, that demonstrate it is

entitled to judgment as a matter of law on the DMCA claims.  First, Class Notes

argues that it did not "remove" any copyright management information contained

in the textbooks or on the film study questions.  Its student note takers simply

took notes from Dr. Moulton's course and those notes were complied into note

packages.  An action for removal of copyright management information requires

the information to be removed from a plaintiff's product or original work.  See

Schiffer Publ'g, Ltd. v. Chronicle Books, LLC, Civil Action No. 03-4962, 73

U.S.P.Q.2d 1090, 2004 U.S. Dist. LEXIS 23052, at *46 (E.D. Pa. Nov. 12, 2004);

Kelly v. Arriba Soft Corp., 77 F.Supp.2d 1116, 1122 (C.D. Cal. 1999) aff'd and

rev'd in part on other grounds, 336 F.3d 811 (9th Cir. 2003).  Here, nothing was

removed from the copyrighted works.  Instead, information from Dr. Moulton's

courses was allegedly copied into a different form and then incorporated into the

note packages.  No copyright management information was removed from Dr. Moulton's product or original work.

Likewise, Class Notes did not add false copyright management information in violation of the DMCA by printing "Einstein's Notes ©" on its note packages.  The note packages that Class Notes produced were a different product from Dr. Moulton's work even if, as Faulkner Press alleges, they included materials from Dr. Moulton's work.  No alteration was made to Dr. Moulton's product or original work, so there was no violation of the DMCA by printing "Einstein's Notes ©" on the note packages.  Id.

 Class Notes also argues that there is no proof that it intended to "induce, enable, facilitate, or conceal infringement," which is a required element of the DMCA claims.  17 U.S.C. § 1202.  There is no genuine issue regarding intent.  It is undisputed that Class Notes sold it note packages openly and identified Dr. Moutlon's course. Class notes admits that its note packages were based on Dr. Moulton's course materials.  Class Notes intended, however, to create its own derivative work that did not infringe on copyright protected material.  Whether Class Notes was successful in that regard must be determined by a jury.  With regard to the copyright management information, however, Faulkner Press has presented no evidence to show that Class Notes altered the information with intent to aid infringement.  Accordingly, summary judgment for Class Notes will be granted on Counts Five and Six.

### F.     Use of Professor Moulton's Name

Faulkner Press alleges in Count Seven that Class Notes used Dr. Moulton's name for commercial and advertising purposes in violation of section 540.08, Florida Statutes, by including the words "Professor Moulton" on the cover of its note packages.  The purpose of the statute is to prevent the use of a person's name or likeness to "directly promote a product or service."  Tyne v. Time Warner Entm't Co., 901 So.2d 802, 806 (Fla. 2005).  The statute is not violated when a person's identity is used "in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising incidental to such uses."  Id. (quoting Lane v. MRA Holdings, LLC, 242 F.Supp.2d 1205, 1212-14, M.D. Fla. 2004).

In this case, Class Notes published note packages for Dr. Moulton's courses and used his name to identify the courses.  From Class Notes use, no reasonable inference can be drawn that Dr. Moulton was actually promoting or endorsing the notes or that Class Notes used Dr. Moulton's name to give that impression.  No reasonable jury could find that Class Notes used Dr. Moulton's name or likeness to promote its product or service.  Accordingly, Class Notes' motion for summary judgment will be granted as to this claim.

### III.     CONCLUSION

Dr. Moulton's film study questions and practice questions are factual compilations that are protected by copyright.  There are genuine issues of

material fact regarding fair use of the copyright claims in Counts One, Two, and Three that must be determined by a jury. The only exception is the portion of Count Three that is based on the sound recordings, which will be dismissed. Count Three may proceed to the extent it is based on infringement of the lecture notes.

Counts Five and Six for violation of the DMCA presents no genuine issues because Class Notes did not remove or add copyright management information when it created its note packages. There is also no evidence that Class Notes intended to aid infringement by removing or adding copyright management information. Count Seven for violation of section 540.08, Florida Statutes, presents no genuine issues because Class Notes did not use Dr. Moulton's name to directly promote a product or service.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. Faulkner Press's motion for partial summary judgment (doc. 162) is denied.

2. Class Notes' and Thomas G. Bean's motion for partial summary judgment (doc. 160) is granted as to Counts Five, Six, Seven, and the part of Count Three that alleges infringement of the sound recordings.

3. Class Notes' and Thomas G. Bean's motion for leave to file a reply (doc. 204) is granted. The reply (doc. 204-1) was considered.

4.     Class Notes' and Thomas G. Bean's motion to strike the statement

of facts (doc. 166) is denied as moot.

DONE AND ORDERED this 23rd day of November, 2010.


_s/ Stephan P. Mickle_

Stephan P. Mickle
Chief United States District Judge